## GRIFFITH v. UNITED STATES. *

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

No. 2700.

CRIMINAL LAW ☞1172(1)—INSTRUCTIONS ON TRIAL FOR VIOLATION OF WHITE SLAVE TRAFFIC ACT.

Giving an instruction in a prosecution for violation of White Slave Traffic Act, § 2 (Comp. St. § 8813), which permitted conviction if the jury found that the girl named was transported for "some immoral purpose," held not reversible error, in view of the evidence, which clearly showed an offense within the purview of the statute.

In Error to the District Court of the United States for the Western District of Wisconsin.

Criminal prosecution by the United States against Ada Griffith. Judgment of conviction, and defendant brings error.. Affirmed.

W. P. Crawford, of Superior, Wis., for plaintiff in error.

Albert C. Wolfe, of La Crosse, Wis., and B. R. Goggins, of Grand Rapids, Wis., for the United States.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error, Ada Griffith, was convicted and sentenced for violation of the White Slave Traffic Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. §§ 8812–8819]), for transporting one Katherine in interstate commerce for a purpose denounced by the act. It appears that Katherine and one Gladys were at Griffith's room in a hotel at Duluth, Minn.; that Griffith went into the hall to answer a phone call, and returning, told the girls that she had some men friends from the range who would soon call, and, if agreeable they would all go to Superior for "a little party." The girls were willing, and shortly afterwards three men, strangers to the girls, drove up, one coming into the hotel, saying, "Here we are," and thereupon all went down and entered a conveyance and drove to South Superior, Wis.; Griffith (who had some time previously conducted a house of prostitution at Superior) directing them to a resort or hotel there which was shown to be of evil repute, and through a side entrance all entered a wine room, where they remained for a time drinking, and then upon Griffith's suggestion the girls retired with the range men to bedrooms in the same building, there having illicit sexual relations with them, Griffith and the third man, presumably a chauffeur, remaining in the wine room. Each of the girls collected for this service $5 from her

man, which was then and there divided with Griffith, who had cautioned the girls to be sure to get their pay first.

It appears that this was not the first participation which Griffith had in the procurement of at least Katherine for such entertainment for men. The evidence clearly and without any contradiction showed that the expedition to which the interstate transportation of the girls was an incident was arranged wholly by Griffith in Duluth, for the very purpose of doing in South Superior what was there done as stated.

The question here raised grows out of the court's charge to the jury, wherein it was stated, inter alia:

"I charge you that in this case there is no evidence tending to show that this defendant caused this girl Katherine to be transported for the purpose of debauchery or to become a prostitute, but only under that clause 'for some immoral purpose.'"

Count 5 of the indictment, under which alone conviction was had, charges that defendant transported Katherine—

"for the purpose of prostitution and debauchery and for other immoral purposes, and with the intent and purpose of her, the said Ada Griffith, then and there to induce, entice and compel the said Katherine * * * to become a prostitute and give herself up to debauchery and to engage in other immoral practices."

It is contended as to this count, as well as to the charge, that if an immoral purpose other than that of prostitution and debauchery was intended, the precise nature of such other immoral purpose should have been set forth in the count, and that not only is the count in this respect faulty and ineffectual, but that the charge authorized the jury to find the defendant guilty, if the intended immoral purpose of the transportation were one other than a sexual immorality.

While we are of the opinion that the count was in this respect sufficient, particularly after verdict, and in the absence of any previous special challenge of its form, or of demand for a bill of particulars, a state of facts is easily conceivable whereunder such a charge might have been harmful; for instance, if there were evidence that one of the immoral purposes of the transportation was the perpetration of an offense so wholly unrelated to debauchery and prostitution as is, say, robbery or blackmail; in such case it might be inferred from the charge that conviction might be had if the jury found such other immoral purpose to have been the purpose of the transportation. Without deciding the proposition, it may be said to be at least doubtful whether the statute was intended to cover transportation for immoralities other than those of a sexual nature.

The charge was evidently predicated on the theory that, as the evidence showed Katherine to have been unchaste and given to prostitution before the occurrence in question, she could not be the subject of debauchery or of inducement to become a prostitute, and that the jury might consider only evidence of such other immoralities as are contemplated by the statute. Whether or not this is too limited an interpretation of the statute we need not here determine. The record abundantly shows that the immoral purpose of this interstate expedition thus arranged by Griffith was only that of illicit sexual intercourse between

these people; and even if this did not, under this record, amount to debauchery or prostitution within contemplation of the statute, as these terms are there employed, it is nevertheless such an immorality as falls within its purview, and is amenable thereto when it is the purpose of the interstate transportation. Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Simpson v. United States, 245 Fed. 278, 157 C. C. A. 470; Johnson v. United States, 215 Fed. 679, 131 C. C. A. 613, L. R. A. 1915A, 862. There is no evidence whatever in the record of any other immorality than that indicated as the purpose of the transportation, and there is not the remotest likelihood that the jury was confused or misled by the charge, or that the defendant was in any way injured thereby. It is to be noted that counsel in the case evidently did not at the trial entertain suspicion or fear that the jury might by the charge be misled into convicting for a transportation having for its object immoralities other than those sexual, since it does not appear that any objection was made or exception taken to the charge. We are of opinion that the proof clearly establishes an offense denounced by the statute as it has been authoritatively interpreted, and that the record discloses no reversible error.

The judgment is affirmed.